TODD A. FREALY (SBN 198780)
taf@lnbyg.com
ANTHONY A. FRIEDMAN (State Bar No. 201955)
aaf@lnbyg.com
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, CA 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244

Attorneys for John P. Pringle, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| **In re** <br><br> **VANTAGE STEEL INTERNATIONAL, INC.,** <br><br> Debtor. | **CASE NO.: 2:22-bk-10748-WB** <br><br> **Chapter 7** <br><br> **Adv. No.: 2:24-ap-    WB** |
| **JOHN P. PRINGLE, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF VANTAGE STEEL INTERNATIONAL, INC.,** <br><br> Plaintiff, <br><br> v. <br><br> **CHUN SOO LEE,** <br><br> Defendant. | **COMPLAINT TO:** <br><br> **(1) AVOID AND RECOVER FRAUDULENT TRANSFERS;** <br> **(2) AVOID AND RECOVER PREFERENTIAL TRANSFERS;** <br> **(3) TO PRESERVE RECOVERED TRANSFERS FOR BENEFIT OF DEBTOR'S ESTATE; AND** <br> **(4) DISALLOWANCE OF ANY CLAIMS HELD BY DEFENDANT [11 U.S.C. § 502(d)]** <br><br> **[11 U.S.C. § 544 and California Civil Code § 3439 et. seq. and 11 U.S.C. §§ 502, 547, 548 and 550]** |

1

**TO THE HONORABLE JULIA W. BRAND, UNITED STATES BANKRUPTCY JUDGE:**

Plaintiff John P. Pringle, not individually but solely in his capacity as Chapter 7 Trustee (the "Plaintiff" or "Trustee") for the bankruptcy estate of Vantage Steel International, Inc. (the "Debtor"), alleges and avers as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and 11 U.S.C. §§ 544, 548 and 550 and Local Rules and Orders of the United States District Court for the Central District of California governing the reference and conduct of proceedings arising under or related to cases under Title 11 of the United States Code, including General Order No. 13-05, dated July 1, 2013.

2. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F), (H) and (O).

3. The Trustee consents to entry of final orders and judgments by the Bankruptcy Court.

4. Venue is proper in this Court under 28 U.S.C. § 1409(a) as this adversary proceeding arises under and in connection with a case under Title 11 which is pending in this district.

## PARTIES AND GENERAL ALLEGATIONS

5. A voluntary Chapter 7 bankruptcy petition was commenced by the Debtor on February 11, 2022 (the "Petition Date").

6. On or about February 11, 2022, the Trustee was appointed as Chapter 7 Trustee for the Debtor's bankruptcy estate, a capacity in which he continues to serve.

7. The Trustee is informed and believes, and based thereon alleges that defendant Chun Soo Lee (the "Defendant") is an individual residing in Gardena, California and is subject to

the jurisdiction of this Court.   The Trustee is further informed and believes, and based thereon alleges that, as of the Petition Date, the Defendant was the chief executive officer of the Debtor.

## GENERAL ALLEGATIONS

8. The Trustee is informed and believes, and based thereon alleges that, prior to the Petition Date, the Debtor maintained a checking account with Open Bank, bearing account ending xxxxxx2777 (the "Debtor Bank Account").

9. The Trustee is informed and believes, and based thereon alleges that in connection with the administration of the Debtor's bankruptcy case, the payments made by the Debtor from the Debtor Bank Account to Defendant were not for the benefit of the Debtor, rather, they were for the benefit of Defendant.

10. The Trustee is informed and believes and based thereon alleges that during the four-year period prior to the Petition Date, the Debtor made transfers to the Defendant from the Debtor Bank Account totaling not less than $474,087.71 (the "4 Year Transfers"). Details of the Transfers are set forth in **Exhibit "A"** hereto and are incorporated herein by reference.

11. The Trustee is informed and believes and based thereon alleges that during the 2-year period prior to the Petition Date, the Debtor made transfers to the Defendant, totaling not less than $243,687.71 from the Debtor's Bank Account (the "2 Year Transfers"). Details of the 2 Year Transfers are set forth in **Exhibit "B"** hereto and is incorporated herein by reference

12. The Trustee is informed and believes and based thereon alleges that during the 1-year period prior to the Petition Date, the Debtor made transfers to the Defendant, totaling not less than $67,775.83 from the Debtor's Bank Account (the "1 Year Transfers"). Details of the 1 Year Transfers are set forth in **Exhibit "C"** hereto and is incorporated herein by reference.

13. The Trustee is informed and believes and based thereon alleges that the 1 Year Transfers from the Debtor to the Defendant were payments to an insider (as that term is defined by 11 U.S.C. §101(31)(B)) of the Debtor and were obligations and/or antecedent debts of the Debtor.

14. Collectively, the 4 Year Transfers, the 2 Year Transfer and the 1 Year Transfers may be referred to as the "Transfers".

15. The Transfers, and each of them, were transfers of an interest of the Debtor in property because the Transfers were of money originating from the Debtor Bank Account to Defendant and were not for the benefit of the Debtor.

16. Trustee reserves his right to supplement and amend the allegations contained in this Complaint, including, but not limited to, the right to (i) allege further information regarding all Claims for Relief, including additional transfers of interests in the Debtor's assets or additional liabilities incurred by the Debtor, (ii) make modifications and/or revisions to Defendant's name(s), (iii) allege claims against additional defendants, and/or (iv) allege additional causes of action arising in connection with the law and facts set forth herein (collectively, the "Amendments"), that may become known to the Trustee at any time during this adversary proceeding through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint, including the date upon which this original Complaint was filed.

## FIRST CLAIM FOR RELIEF

**(Against Defendant To Avoid And Recover Fraudulent Transfers)**

**[Avoidance And Recovery Of Fraudulent Transfers Pursuant To**

**11 U.S.C. §§ 544(b) and 550(a) and California Civil Code § 3439.04(a)(1) and 3439.07]**

17. The Trustee incorporates herein by this reference paragraphs 1 through 16, inclusive, of this Complaint as if set forth in full herein.

18. The Trustee is informed and believes, and based thereon alleges that, as of the Petition Date, the Debtor maintained at least one general unsecured creditor having standing to bring these claims under state law.

19. The Trustee is further informed and believes, and based thereon alleges that, no contractual relationship existed between the Debtor and Defendant which would have otherwise caused the Debtor to transfer the 4 Year Transfers, and each of them, to Defendant.

20.    The Trustee is informed and believes, and based thereon alleges that, during the four years preceding the Petition Date, the Debtor transferred to Defendant the 4 Year Transfers, and each of them, for no or little consideration.

21.    The Trustee is informed and believes, and based thereon alleges that the 4 Year Transfers, and each of them, to Defendant were made with the actual intent to hinder, delay and defraud Debtor's creditors.

22.    The 4 Year Transfers, and each of them, constitute fraudulent transfers under 11 U.S.C. §§ 544 and 550 and California Civil Code §§ 3439 et seq. and, therefore, are avoidable by the Trustee.

## SECOND CLAIM FOR RELIEF

**(Against Defendant To Avoid And Recover Fraudulent Transfers)**

**[Avoidance And Recovery Of Fraudulent Transfers Pursuant To**

**11 U.S.C. §§ 544(b) and 550(a) and California Civil Code § 3439.04(a)(2) and 3439.07]**

23.    The Trustee incorporates herein by this reference paragraphs 1 through 22, inclusive, of this Complaint as if set forth in full herein.

24.    The Trustee is informed and believes, and based thereon alleges that, as of the Petition Date, the Debtor maintained at least one general unsecured creditor having standing to bring these claims under state law.

25.    The Trustee is further informed and believes, and based thereon alleges that, that, no contractual relationship existed between the Debtor and Defendant which would have otherwise caused the Debtor to transfer the 4 Year Transfers, and each of them, to Defendant.

26.    The Trustee is informed and believes, and based thereon alleges that the Debtor transferred the 4 Year Transfers, and each of them, to Defendant without receiving a reasonably equivalent value in exchange for the property transferred.

27.    The Trustee is informed and believes, and based thereon alleges that at the time the Debtor made the 4 Year Transfers, and each of them, to Defendant, the Debtor was engaged or

5

about to engage in a business or a transaction for which the Debtor's remaining assets were unreasonably small in relation to such business or transaction.

28. The Trustee is informed and believes, and based thereon alleges that at the time of the 4 Year Transfers, and each of them, the Debtor intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

29. The 4 Year Transfers, and each of them, constitute fraudulent transfers under 11 U.S.C. §§ 544 and 550 and California Civil Code §§ 3439 et seq. and, therefore, are avoidable by the Trustee.

## THIRD CLAIM FOR RELIEF

### (Against Defendant To Avoid And Recover Fraudulent Transfers)

### [Avoidance And Recovery Of Fraudulent Transfers Pursuant To

### 11 U.S.C. §§ 544(b) and 550(a) and California Civil Code § 3439.05 and 3439.07]

30. The Trustee incorporates herein by this reference paragraphs 1 through 29, inclusive, of this Complaint as if set forth in full herein.

31. The Trustee is informed and believes, and based thereon alleges that, as of the Petition Date, the Debtor maintained at least one general unsecured creditor having standing to bring these claims under state law.

32. The Trustee is further informed and believes, and based thereon alleges that, no contractual relationship existed between the Debtor and Defendant which would have otherwise caused the Debtor to transfer the 4 Year Transfers, and each of them, to Defendant.

33. The Trustee is informed and believes, and based thereon alleges that the Debtor transferred the 4 Year Transfers, and each of them, to Defendant without receiving a reasonably equivalent value in exchange.

34. The Trustee is informed and believes, and based thereon alleges that the Debtor was insolvent at the time the 4 Year Transfers, and each of them, were made or became insolvent as a result of the 4 Year Transfers, and each of them.

35. The 4 Year Transfers, and each of them, constitute fraudulent transfers under 11 U.S.C. §§ 544 and 550 and California Civil Code §§ 3439 et seq. and, therefore, are avoidable by the Trustee.

## FOURTH CLAIM FOR RELIEF

**(Against Defendant To Avoid And Recover Fraudulent Transfers)**

**[Avoidance And Recovery Of Fraudulent Transfers Pursuant To**

**11 U.S.C. §§ 548(a)(1)(A) and 550(a)]**

36. The Trustee incorporates herein by this reference paragraphs 1 through 35, inclusive, of this Complaint as if set forth in full herein.

37. The Trustee is informed and believes, and based thereon alleges that during the two (2) year period preceding the Petition Date, the Debtor transferred the 2 Year Transfers, and each of them, to or for the benefit of Defendant.

38. The Trustee is further informed and believes, and based thereon alleges that, no contractual relationship existed between the Debtor and Defendant which would have otherwise caused the Debtor to transfer the 2 Year Transfers, and each of them, to Defendant.

39. The Trustee is informed and believes, and based thereon alleges that the Debtor transferred the 2 Year Transfers, and each of them, to the Defendant for no or little consideration.

40. The 2 Year Transfers, and each of them, were made by the Debtor to Defendant with the actual intent to hinder, delay or defraud the Debtor's creditors.

41. The 2 Year Transfers, and each of them, constitute fraudulent transfers under 11 U.S.C. §§ 544 and 548 and, therefore, are avoidable by the Trustee.

/ / /

/ / /

/ / /

/ / /

/ / /

7

## FIFTH CLAIM FOR RELIEF

**(Against Defendant To Avoid And Recover Fraudulent Transfers)**

**(Avoidance And Recovery Of Fraudulent Transfers Pursuant To**

**11 U.S.C. §§ 548(a)(1)(B) and 550(a))**

42. The Trustee incorporates herein by this reference paragraphs 1 through 41, inclusive, of this Complaint as if set forth in full herein.

43. The Trustee is further informed and believes, and based thereon alleges that, no contractual relationship existed between the Debtor and Defendant which would have otherwise caused the Debtor to transfer the 2 Year Transfers, and each of them, to Defendant.

44. The Trustee is informed and believes, and based thereon alleges that the Debtor received less than reasonably equivalent value in exchange for the 2 Year Transfers, and each of them.

45. The Trustee is informed and believes, and based thereon alleges that, by virtue of the 2 Year Transfers, and each of them, the Debtor was insolvent or became insolvent as a result of such transfer of the 2 Year Transfers, and each of them.

46. The Trustee is informed and believes, and based thereon alleges that, by virtue of the 2 Year Transfers, and each of them, the Debtor was engaged in or was about to engage in a business or a transaction for which its remaining assets were unreasonably small in relation to the business or transaction.

47. The Trustee is informed and believes, and based thereon alleges that, by virtue of the 2 Year Transfers, and each of them, the Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

48. The 2 Year Transfers, and each of them, constitute fraudulent transfers under 11 U.S.C. §§ 544 and 548 and, therefore, are avoidable by the Trustee.

/ / /

/ / /

## SIXTH CLAIM FOR RELIEF

**(Against Defendant To Avoid And Recover Preferential Transfer)**

**(Avoid Preferential Transfer - 11 U.S.C. § 547(b) and 550(a))**

49. The Trustee incorporates herein by reference the foregoing paragraphs 1 through 48, of this Complaint as if set forth in full herein.

50. The Trustee is informed and believes, and based thereon alleges that the 1 Year Transfers, and each of them, were a property interest of the Debtor. The Trustee is further informed and believes and based thereon alleges that the 1 Year Transfers from the Debtor to the Defendant were payments to an insider (as that term is defined by 11 U.S.C. §101(31)(B)) of the Debtor and were obligations and/or antecedent debts of the Debtor.

51. The Trustee is informed and believes, and based thereon alleges that the 1 Year Transfers, and each of them, were made to Defendant for the benefit of the Defendant, who was a creditor of the Debtor at the time of the 1 Year Transfers, and each of them.

52. The Trustee is informed and believes, and based thereon alleges that the 1 Year Transfers, and each of them, were made for or on account of an antecedent debt owed by the Debtor to Defendant before the 1 Year Transfers, and each of them, were made.

53. The Trustee is informed and believes, and based thereon alleges that the 1 Year Transfers, and each of them, were made while the Debtor was insolvent.

54. The Trustee is informed and believes, and based thereon alleges that the 1 Year Transfers, and each of them, were made during the one year before the Petition Date.

55. The Trustee is informed and believes, and based thereon alleges that the 1 Year Transfers, and each of them, enabled Defendant to receive more than he would have received if:

    (a)    the case were a case under chapter 7 of Title 11;

    (b)    the 1 Year Transfers, and each of them, had not been made; and

    (c)    Defendant received payment of the debt to the extent provided under Title 11 of the United States Code.

56. Accordingly, the 1 Year Transfers, and each of them, may be avoided pursuant to 11 U.S.C. § 547(b).

57. The Trustee is entitled to an order and judgment under 11 U.S.C. § 547 that the 1 Year Transfers, and each of them, are avoided and recovered for the benefit of the Debtor's creditors.

## SEVENTH CLAIM FOR RELIEF

### (Against Defendant To Recover Transfers)

### (Recovery Of Transfers Pursuant To 11 U.S.C. § 550)

58. The Trustee incorporates herein by this reference paragraphs 1 through 57, inclusive, of this Complaint as if set forth in full herein.

59. The Trustee is informed and believes, and based thereon alleges that, to the extent Defendant is not the initial transferee of the Transfers, and each of them, referred to in this Complaint, the Defendant is the immediate or mediate transferee of the initial transferee of the Transfers, and each of them.

60. Upon avoidance of the Transfers, and each of them, under the Claims for Relief alleged herein, the Trustee is entitled to recover the Transfers, and each of them, from Defendant as an initial transferee, the immediate or mediate transferee of such initial transferee, or an entity for whose benefit the Transfers, and each of them, were made pursuant to 11 U.S.C. § 550.

## EIGHTH CLAIM FOR RELIEF

### (Against Defendant For Disallowance Of Claim – 11 U.S.C. § 502(d))

61. The Trustee incorporates herein by this reference paragraphs 1 through 60, inclusive, of this Complaint as if set forth in full herein.

62. The Defendant is an entity from which property is recoverable under 11 U.S.C. §§ 542, 543, 550 or 553, or the Defendant received avoidable transfers under 11 U.S.C. §§ 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a).

63. The Defendant has not paid the amount, or turned over any such property for which the Defendant is liable under 11 U.S.C. §§ 522(i), 542, 543, 550, or 553 of the Bankruptcy Code.

64. Pursuant to 11 U.S.C. § 502(d), the Defendant's claims, to the extent that the Defendant asserts a claim or claims, should be disallowed.

## PRAYER FOR RELIEF

**WHEREFORE,** the Trustee prays for judgment as follows:

On the First Claim for Relief:

A. For a determination by the Court that the 4 Year Transfers, and each of them, are fraudulent transfers within the meaning of 11 U.S.C. §§ 544 and 550, and California Civil Code §§ 3439 et seq.;

B. For a judgment against Defendant avoiding the 4 Year Transfers, and each of them, and recovering the transferred property or the value of such property for the benefit of Debtor's bankruptcy estate; and

C. For such other and further relief as the Court deems just and proper.

On the Second Claim for Relief:

D. For a determination by the Court that the 4 Year Transfers, and each of them, are fraudulent transfers within the meaning of 11 U.S.C. §§ 544 and 550 and California Civil Code §§ 3439 et seq.;

E. For a judgment against Defendant avoiding the 4 Year Transfers, and each of them, and recovering the transferred property or the value of such property for the benefit of Debtor's bankruptcy estate; and

F. For such other and further relief as the Court deems just and proper.

///

///

///

On the Third Claim for Relief:

G.    For a determination by the Court that the 4 Year Transfers, and each of them, are fraudulent transfers within the meaning of 11 U.S.C. §§ 544 and California Civil Code §§ 3439 et seq.;

H.    For a judgment against Defendant avoiding the 4 Year Transfers, and each of them, and recovering the transferred property or the value of such property for the benefit of Debtor's bankruptcy estate; and

I.    For such other and further relief as the Court deems just and proper.

On the Fourth Claim for Relief:

J.    For a determination by the Court that the 2 Year Transfers, and each of them, are fraudulent transfers within the meaning of 11 U.S.C. §§ 548(a)(1)(A) and 550;

K.    For a judgment against Defendant avoiding the 2 Year Transfers, and each of them, and recovering the transferred property or the value of such property for the benefit of Debtor's bankruptcy estate; and

L.    For such other and further relief as the Court deems just and proper.

On the Fifth Claim for Relief:

M.    For a determination by the Court that the 2 Year Transfers, and each of them, are fraudulent transfers within the meaning of 11 U.S.C. §§ 548(a)(1)(B) and 550;

N.    For a judgment against Defendant avoiding the 2 Year Transfers, and each of them, and recovering the transferred property or the value of such property for the benefit of Debtor's bankruptcy estate; and

O.    For such other and further relief as the Court deems just and proper.

On the Sixth Claim for Relief:

P.    For a determination by the Court that the 1 Year Transfers were preferential transfers within the meaning of 11 U.S.C. §§ 547 and 550;

Q. For a judgment against Defendant avoiding the 1 Year Transfers and recovering the transferred property or the value of such property for the benefit of the Debtor's bankruptcy estate; and

R. For such other and further relief as the Court deems just and proper.

<u>On the Seventh Claim for Relief:</u>

S. For a judgment against Defendant recovering the transferred property or the value of such property for the benefit of Debtor's bankruptcy estate; and

T. For such other and further relief as the Court deems just and proper.

<u>On the Eighth Claim for Relief:</u>

U. For a judgment against Defendant, pursuant to 11 U.S.C. § 502(d), that Defendant's claims, to the extent that the Defendant asserts a claim or claims, be disallowed; and

V. For such other and further relief as the Court deems just and proper.

<u>As to All Claims for Relief:</u>

W. For costs of suit incurred herein, including, without limitation, attorneys' fees.

X. For such other and further relief, which this Court deems just and appropriate.

DATED: February 8, 2024                     LEVENE, NEALE, BENDER,
                                            YOO & GOLUBCHIK L.L.P.

                                            By:  /s/ Anthony A. Friedman
                                                TODD A. FREALY
                                                ANTHONY A. FRIEDMAN
                                            Attorneys for Plaintiff, John P. Pringle,
                                            Chapter 7 Trustee for the Bankruptcy Estate
                                            of Vantage Steel International, Inc.

# EXHIBIT "A"

**Vantage Steel International, Inc.**
Filing:  2:22-bk-10748-WB
Filing date:  2/11/22
Sources:  Debtor's Accounting Records, Bank Statements
Disbursements Within Four Years Pre-petition

| GL Date | Name | Credit |
|---|---|---|
| 03/12/2018 | Mr. Chun Soo Lee | 85,000.00 |
| 06/19/2018 | Mr. Chun Soo Lee | 50,000.00 |
| 06/19/2018 | Mr. Chun Soo Lee | 40,000.00 |
| 06/19/2018 | Mr. Chun Soo Lee | 40,000.00 |
| 11/12/2019 | Mr. Chun Soo Lee | 1,560.00 |
| 11/30/2019 | Mr. Chun Soo Lee | 400.00 |
| 11/30/2019 | Mr. Chun Soo Lee | 2,500.00 |
| 11/30/2019 | Mr. Chun Soo Lee | 500.00 |
| 11/30/2019 | Mr. Chun Soo Lee | 2,220.00 |
| 11/30/2019 | Mr. Chun Soo Lee | 2,220.00 |
| 12/31/2019 | Mr. Chun Soo Lee | 6,000.00 |
| 03/31/2020 | Mr. Chun Soo Lee | 110,000.00 |
| 07/01/2020 | Mr. Chun Soo Lee | 50,000.00 |
| 10/22/2020 | Mr. Chun Soo Lee | 15,911.88 |
| 06/17/2021 | CHUN SOO LEE | 3,000.00 |
| 06/17/2021 | CHUN SOO LEE | 3,000.00 |
| 07/28/2021 | CHUN SOO LEE | 19,106.18 |
| 08/30/2021 | CHUN SOO LEE | 6,889.65 |
| 09/03/2021 | CHUN SOO LEE | 35,780.00 |
| | **Total Disbursements:** | **474,087.71** |

# EXHIBIT "B"

**Vantage Steel International, Inc.**

Filing:  2:22-bk-10748-WB

Filing date:  2/11/22

Sources:  Debtor's Accounting Records, Bank Statements

Disbursements Within Two Years Pre-petition

| GL Date | Name | Credit |
|---|---|---|
| 03/31/2020 | Mr. Chun Soo Lee | 110,000.00 |
| 07/01/2020 | Mr. Chun Soo Lee | 50,000.00 |
| 10/22/2020 | Mr. Chun Soo Lee | 15,911.88 |
| 06/17/2021 | CHUN SOO LEE | 3,000.00 |
| 06/17/2021 | CHUN SOO LEE | 3,000.00 |
| 07/28/2021 | CHUN SOO LEE | 19,106.18 |
| 08/30/2021 | CHUN SOO LEE | 6,889.65 |
| 09/03/2021 | CHUN SOO LEE | 35,780.00 |
| | **Total Disbursements:** | **243,687.71** |

# EXHIBIT "C"

**Vantage Steel International, Inc.**
Filing:  2:22-bk-10748-WB
Filing date:  2/11/22
Sources:  Debtor's Accounting Records, Bank Statements

Disbursements Within One Year Pre-petition

| GL Date | Name | Credit |
|---|---|---:|
| 06/17/2021 | CHUN SOO LEE | 3,000.00 |
| 06/17/2021 | CHUN SOO LEE | 3,000.00 |
| 07/28/2021 | CHUN SOO LEE | 19,106.18 |
| 08/30/2021 | CHUN SOO LEE | 6,889.65 |
| 09/03/2021 | CHUN SOO LEE | 35,780.00 |
| | **Total Disbursements:** | **67,775.83** |